Mr. Justice Clayton
delivered the following opinion.
In this case I concur in opinion with the chief justice.
The power of attorney of Routh to Ferriday is very broad. It is true, it is to be construed with reference to the subject-matter. It does not make Ferriday an universal agent. But in regard to the subject of the power — the making — negotiation— payment — renewal of notes — doing bank business — and performing all which lawfully pertained to these matters, Routh puts Ferriday in his place. I think this power authorized the giving of notice of dishonor of notes indorsed by Ferri-day to Ferriday, and made such notice equivalent to notice to Routh in person; or if a state of case exist in which notice was unnecessary, knowledge of such state of facts on the part of Ferriday, was equivalent to such knowledge on the part of Routh.
The note in question was made by Ferriday in his own right, and was indorsed by him in the name of Routh. His power to do this is not questioned. He must have known that the note was not paid on the day of its maturity, and this knowledge must bind his principal. If a bill be drawn by one member of a firm, and accepted by the firm, notice of the non-payment of the bill need not be given to the drawer. Rhett v. Poe, 2 How. *485 S. C. Rep. 457. Each member of the firm is the agent of all, and knowledge by one of the acceptors, partners, of the dishonor of the bill, affects all the partners, drawers or acceptors. This is for the reason, that each partner is the agent of all, in matters embraced by the partnership ; and the same doctrine is applicable to principal and agent.